FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

'12 MAR 29 P2:58

CLERK, U.S. DISTRICT COURT
DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
### (Wichita Docket)

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | No. 11-10118-01 |
| | } | |
| **MICHAEL SCOTT RAMSEY,** | } | |
| | } | |
| Defendant. | } | |

## PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)

The United States of America, by Brent I. Anderson, assistant U.S. attorney, and Michael Scott Ramsey, the defendant, personally and by and through his attorney, David J. Freund, assistant federal defender, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

**1.** **Defendant's Guilty Plea.** If the Court permits, the defendant agrees to plead guilty to Count 1 of the Indictment, which charges a violation of Title 18, United States Code, § 871(a), that is, threatening the president. By entering into this plea agreement, the defendant admits to knowingly committing this offense, and to being guilty of this offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Indictment to which the defendant has agreed to plead guilty is not more than five years of imprisonment, a $250,000 fine,

three years of supervised release, and a $100 mandatory special assessment. The United States agrees to move to dismiss Count 2 of the Indictment at the time of sentencing.

**2.** **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> **Count 1, 18 U.S.C. § 871(a).** On about July 1, 2009, the defendant wrote two letters delivered to the staff of the Larned, Kansas, State Hospital in which the defendant knowingly and intentionally threatened to kill the President of the United States. In the first letter, the defendant wrote, among other things, that "I am going to kill Barrack [*sic*] Obama . . . and this is Michael Ramsey telling you this." In the second letter, the defendant wrote, among other things, referring to "The President," "[I]f I ever get the chance I'll take his life." In the fall of 2011 the defendant underwent an evaluation at the Federal Bureau of Prisons Metropolitan Detention Center, Los Angeles, Calif., and the evaluating team concluded that there was no objective evidence that the defendant suffered from any mental disorder or condition that rendered him unable to appreciate the nature, quality or wrongfulness of his actions during the time period of the alleged offense.

**3.** **Proposed Rule 11(c)(1)(C) Sentence.** The parties propose, as an appropriate disposition of the case, a sentence of **24 months** in prison; **two years** of supervised release; no fine; and the mandatory **special assessment of $100** to be paid during the defendant's incarceration. The parties seek this binding plea agreement as an appropriate disposition of the case because it brings certainty to the sentencing process and assures that the defendant and the government will benefit from the

bargain they have struck if the Court permits itself to be bound by the proposed sentence; the interests of justice are served by the sentence, thereby assuring that the sentence is consistent with the sentencing factors of 18 U.S.C. § 3553(a); and if the Court does not agree with the sentence, the parties may be restored to the positions they maintained prior to reaching this plea agreement. This agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, public defender, probation office, U.S. Marshals Service and other law enforcement resources. The defendant also has agreed to a follow-up interview by the U.S. Secret Service concerning any threats he may have made against the President of the United States.

**4.     Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines, but because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

**5.     Government's Additional Agreement.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas also agrees to not file any additional charges against the defendant arising out of the facts forming the basis for the Indictment.

3

**6.     Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed plea agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

**7.     Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** On the other hand, if the Court agrees to be bound by proposed plea agreement and accepts the defendant's plea of guilty, the defendant will not be permitted to withdraw it. Only if the Court rejects the proposed plea agreement will the defendant be permitted to withdraw his guilty plea.

**8.     Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 will be entered against the defendant at the time of sentencing.

**9.     Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is

4

consistent with this agreement. The defendant also waives any right to challenge the sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b).

**10.** **Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

**11.** **Full Disclosure by United States.** The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or

5

positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

**12.** **Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

**13.** **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has had the plea agreement read to him, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into

6

this agreement and is pleading guilty because the defendant is guilty and is doing so

freely and voluntarily.

Brent I. Anderson
Assistant U.S. Attorney
301 N. Main, Suite 1200
Wichita, Kansas 67202
(316) 269-6481
Kan. Sup. Ct. No. 11611

Date: 3-14-2012

Barry R. Grissom
United States Attorney

Date: 3/12/2012

Michael Scott Ramsey
Defendant

Date: 3/29/12

David J. Freund
Assistant Federal Defender
Attorney for Defendant

Date: 29 March 2012

7